## ROUSE v. ROUSE.

1. **Divorce:** JURISDICTION: DURESS. Where, in an action for divorce by the husband, the wife, who was living apart from the husband, accepted service of the notice and a decree was subsequently entered by default, and the wife afterward instituted an action to so far modify the decree as to give her an allowance for alimony, *held*, that the decree having been rendered it was not invalid for duress by the husband in compelling the acceptance of service of the notice, and that, under the circumstances, alimony should not be allowed.

*Appeal from Boone District Court.*

WEDNESDAY, DECEMBER 12.

THE parties to this action were married in the year 1869. They were divorced by the decree of the Boone District Court on the 15th day of October, 1872, upon the petition of the husband. The alleged cause for the divorce was that the wife, at the date of said marriage, was impotent, and so ever after-

ward continued; that it was dangerous to the health and life of the husband to cohabit with her, and that he was wholly ignorant of her said impotency at the date of said marriage.

The petition in this action was filed on the 28th day of November, 1873. The object thereof was to set aside said decree of divorce for fraud in obtaining the same, and because the court did not have jurisdiction to render the decree, neither of the parties being resident of Boone county. The petition also asked for alimony.

The answer denies generally and specifically the averments of the petition, excepting the marriage and divorce.

There was a decree finding that the appellee herein was estopped from questioning the validity of the decree of divorce, excepting so far as it affected the question of alimony. Judgment and decree was rendered for the plaintiff for $2,000. Defendant appeals.

*T. Brown* and *R. E. Sears*, for appellant.

*Webb & Dyer* and *J. M. Elwood*, for appellee.

ROTHROCK, J.—I. The case is here for trial anew. It appears that service of the original notice in the action for **1. DIVORCE: jurisdiction: duress.** divorce was accepted by appellee on the 24th day of July, 1872. On the 10th day of August, 1872, she wrote a letter to one of appellant's counsel, stating that she did not claim alimony, as she had already been some expense to her husband, and that he would do all for her that he was able to in the future. The decree of divorce was obtained upon a default, and mainly upon the testimony of the husband. He testified to the effect that appellee claimed before marriage to be a sound woman, and that he discovered after marriage that she was impotent; that he had sexual intercourse with her, but that it was dangerous to her and to him; that he was a physician; that there was something of a cancerous nature in her genital organs.

Appellee had full knowledge of the decree for divorce soon after it was rendered, and knew that no provision for alimony

was made therein. She took no action to set aside or modify the decree prior to the commencement of this suit.

Before the commencement of this suit appellant intermarried with one Electa C. Dawson, and at the time of the trial in the court below they were living and cohabiting together as husband and wife, and had one child, the issue of said marriage.

II. As the court below refused to set aside the decree of divorce and the plaintiff does not appeal, we need not determine whether the court had jurisdiction of the parties in the divorce proceeding. The appellant is here complaining only of the modification of the decree by allowing alimony, and the appellee is insisting only upon an affirmance of the decree of the court below.

III. Assuming, then, that the decree of divorce must stand, we are to determine whether the evidence is sufficient to warrant the action of the court below in so far opening up the adjudication as to allow alimony. It is claimed by appellee that the letter written by her to appellant's counsel, releasing any claim for alimony, was not her voluntary act, but that she was compelled to write it by appellant.

An examination of the evidence upon this question satisfies us that the decree should not have been modified, and that alimony should not have been allowed. The service of the original notice was accepted in ample time to allow a defense to be interposed at the term at which the decree was entered. The parties were living separate from each other for some time before the decree of divorce. It cannot be claimed that during this separation there was any duress, or that appellee was in any way prevented by appellant from making a defense. It does not appear to us that she was in any way compelled to release any right to alimony.

Appellee at the time of marriage was afflicted with some sort of a tumor in the pelvic cavity. She did not communicate this fact to the husband. He discovered it very shortly after the marriage, and had reason to believe it to be of a cancerous character, and dangerous to both parties. But for this, so far as appears, the parties would have lived happily together. Whether the tumor is cancerous is left in very great doubt

after an examination of the evidence of a number of physicians who testified as witnesses in the case.

It is true that appellant insisted upon his right to obtain a divorce, and after a time appellee consented that a decree might be obtained, but that she was compelled to assent thereto, or that the husband willfully deceived her or knowingly practiced any fraud upon her, we do not think is established by the evidence. It is not claimed that she is of weak mind or wanting in intelligence. Indeed, letters written by her, which have been introduced in evidence, indicate that she is a woman of more than ordinary intelligence. The impression made upon the mind after reading all the evidence is that appellee was satisfied with the decree until after the marriage of appellant. At least she had full knowledge of it, expressed no dissatisfaction and made no attempt to set it aside until after the marriage. She seems to have trusted appellant in the matter of alimony, and we think she ought not to be allowed to disturb a decree which she knowingly allowed to be entered.

It is proper to say that we do not determine any question as to jurisdiction of the parties in the divorce proceeding, nor as to the legal right to the divorce upon the alleged ground of impotency. The court below held the divorce to be valid; from this ruling there is no appeal. What we determine is that, conceding the divorce to be valid, there is not sufficient evidence of fraud or improper conduct upon the part of appellant to authorize a modification as to the alimony.

REVERSED.