LIZZIE OSTHEIMER, Appellee, v. ELMER OSTHEIMER, Appellant.

Divorce: ADDITIONAL SUPPORT OF MINOR CHILDREN. The court has
1 jurisdiction subsequent to a decree of divorce and allowance of
alimony, to require the husband to further contribute to the sup-
port of his minor children who were awarded to the wife, on a
showing of his increased financial ability and her necessities. The
circumstances of the case held to justify a further contribution by
the husband.

Custody and support of children. Where the custody of minor chil-
2 dren was awarded to the wife on her application for divorce, the
fact that the husband who has again married offers to take the
children and provide for them, is not a defense to an application
to compel him to further contribute to their support, unless the
best interests of the children demand the change.

*Appeal from Hardin District Court.*— HON. J. H. RICH-
ARD, Judge.

TUESDAY, NOVEMBER 15, 1904.

THE opinion states the case.— *Affirmed.*

*Albrook & Lundy,* for appellant.

*Ward & Hays,* for appellee.

WEAVER, J.— The parties were formerly husband and
wife. In the year 1899 they were divorced at the suit of
plaintiff. The defendant was at that time a farmer, with
an estate of $3,000 or less, and the parties had two children
of tender years. By the decree of divorce, plaintiff was
awarded the custody of the children, and as alimony the
sum of $900 in money, with some specific items of personal
property, of small value. The present proceeding is insti-
tuted by plaintiff to obtain an increase of alimony, for the

better support of the children. The trial court granted her petition, and adjudged that the defendant pay her for that purpose the sum of $5 per week until otherwise ordered. The defendant appeals.

The power of the court to grant relief of this kind cannot be denied, so far, at least, as relates to the custody and maintenance of the children. Code, section 3180.

1. DIVORCE: additional support of minor children. 'And the question whether the circumstances shown in the testimony were such as to justify the judgment appealed from is purely one of fact. The original allowance to the plaintiff, we may assume, was fair and adequate, under the circumstances then existing; but if, owing to a change of conditions, the defendant is now more able, and the plaintiff is comparatively less able, to properly provide for their children, it is both humane and just that he be required to contribute further to that purpose. The decree which divorced him from his wife did not cancel his natural and legal obligations to his children. The evidence tends strongly to show that financially he is in fairly prosperous circumstances. At the time of the trial he was shown to be engaged in buying, selling, and fattening cattle and hogs in unusually large numbers; and, while like most men in that line of business, he appears to be a large borrower and to be carrying a large aggregate of indebtedness, it is very clear that he has substantially increased his holdings, and is in much better condition to assist in the support of his children than he was at the date of the divorce. On the other hand, it is shown, without dispute, that the plaintiff is in straitened circumstances, and needs assistance to adequately supply the wants of the children. The allowance made by the trial court, while large enough to afford material aid in providing for the children, is not so large that a man of the circumstances and means the appellant is shown to possess need find it a burden.

The appellant, who is again married, suggests his will-

ingness to take the children himself, and give them a home
and parental care.   Conceding the entire good faith of the
offer, it cannot be held, as a matter of law or
equity, that it must be accepted, upon peril
of absolving the appellant from his liability
by a refusal.   The court will not take these children from
the mother, who has nurtured and cared for them, and
transfer them to the custody of the father, in a home from
which that mother is excluded, unless it be clearly shown
that their best interests will be promoted by the change.
On this question the trial court heard the testimony of the
parties and of neighbors familiar with the situation, and
found that such a transfer of custody was not demanded.
To the proper understanding of a controversy of this nature,
the personal presence of the parties and their witnesses in
court is of great importance, and we are slow to interfere
unless the apparent weight and value of the testimony is so
largely against the finding complained of that, in the in-
terests of justice, a reversal is clearly demanded.   Such is
not the condition of the record here presented, and we are
content to leave the judgment as it was entered below.   We
do this the more readily because this judgment is not a
finality, and the subject of the custody, care, and mainte-
nance of the children is one over which the court will ex-
ercise a continuing guardianship, and all orders entered in
respect thereto are subject to vacation or modification when-
ever by reason of changing circumstances the same shall
appear to be equitable and just.

*2. Custody and support of children.*

Upon the general proposition argued by counsel as to
the power of the court to grant new and additional alimony
to a divorced wife after a final decree fixing the amount
of such relief, we have to say that, whatever may be the
extent of such power, the courts will be slow to exercise
it, save in cases where, by reason of changes which could
not reasonably have been anticipated in the relative circum-
stances of the parties, the propriety and equity of the de-

mand are established beyond reasonable question. But the same reasons for hesitation and reluctance do not arise where the divorced wife is carrying the burden of the support of the children born of the marriage which has been dissolved. An allowance made against the former husband under such circumstances is not, strictly speaking, alimony to the wife, but a contribution to the support of the children — an obligation from which he has never been released.

We have not attempted any review of any cases cited from other States, because, in view of our statute, they have no application here. None of our own cases decided since the statute was enacted is inconsistent with the conclusions indicated in this opinion.

The judgment of the district court is *affirmed*.