UVA J. DUVALL, Appellant, v. WARREN DUVALL, Appellee.

No. 41615.

OCTOBER 19, 1932.

D. M. Anderson, for appellant.

Mabry & Mabry, for appellee.

WAGNER, J.—The parties hereto were formerly husband and wife, and are the foster parents of an adopted child, Bobbie Dean Duvall, now six years of age. On October 17, 1928, the plaintiff began an action for divorce based upon the ground of cruel and inhuman treatment. She alleged therein that defendant owns considerable land; that she, herself, is worth several thousand dollars. She prayed for a divorce, the custody of the child and alimony. The defendant appeared by attorneys, and on November 27, 1928, the plaintiff was granted a decree of divorce and the care and custody of the adopted boy. Relative to alimony, the decree contains the following provision: "It appearing to the court that a satisfactory settlement of the property interests of the parties has been made by written stipulation executed by the parties, no alimony is allowed by the court."

On January 7, 1932, the plaintiff filed her petition for a modification of the decree, asking alimony for herself and a monthly allowance for the support of the child, and also asking an allowance for attorney fees. She alleges therein "that it was provided in the decree of divorce that a settlement of the property interests of the

parties had been made by written stipulation and no alimony was, therefore, allowed plaintiff by the court in the decree; * * * that the stipulation of settlement for alimony was inadvertently omitted from the decree; that the plaintiff was awarded certain houshold goods, cooking utensils, bedding, an Overland automobile, a certain amount of fruit, 125 chickens and a little over $500.00 in money." She further alleges therein, in substance, that since the divorce was granted, her husband has acquired by inheritance from his father property of the value of at least $15,000.00; that the plaintiff has no more property now than she had at the time when the divorce was granted; that at the present time, the expense of caring for the said minor adopted child is at least $20.00 per month. She prays that the former decree may be modified and that there may be included therein a provision for alimony as per the written stipulation which she alleges was entered into by the parties prior to the time of the granting of the decree, and that said decree may then be modified so as to now award her additional alimony in the amount of $5,000.00 on account of changed circumstances and conditions of the parties since said decree was granted. She further prays that the decree be modified so as to require the defendant to pay the sum of $20.00 per month for the future care and support of the aforesaid minor child. She further prays that the defendant be required to pay to the clerk of the court a suitable amount for attorney fees for plaintiff's attorney for services rendered and to be rendered herein.

It is provided by Section 11130, Code, 1931, that, in actions triable in equity, every defense in point of law arising upon the face of the petition may be made by motion to dismiss; and it is provided by Section 11131, Code, 1931, that every point of law going to the whole or any material part of the cause of action stated in the petition shall, on order of court or on motion of either party, be presented to the court and disposed of before final hearing. This course of statutory procedure was adopted by the defendant, and he filed motion to dismiss the petition in so far as she claims that the decree be modified so as to include therein the alleged provision for alimony as per the written stipulation which she alleges was entered into by the parties prior to the time of the granting of the decree, and in which she asks that the decree may then be modified so as to now award her additional alimony in the amount of $5,000.00. He also filed motion to dismiss said petition

as to the alleged cause of action, wherein the plaintiff prays that the decree be modified so as to require the defendant to pay the sum of $20.00 per month for the future care and support of the aforesaid minor child. He also filed motion to dismiss the petition in so far as the plaintiff claims that the defendant is liable for attorney fees for plaintiff's attorney for services rendered or to be rendered herein. The plaintiff makes no objection to the manner of attack adopted by the defendant in the presentation of the legal questions to the trial court.

It is well settled that, if the decree in a divorce action is silent upon the question of alimony for the wife, or if the decree provides that no alimony is allowed to the wife, the decree can not be thereafter modified so as to allow the wife alimony, although there may be a change in the circumstances of the parties within the meaning of the last paragraph of Section 10481, Code, 1931, as construed by this court. See Spain v. Spain, 177 Iowa 249; Rouse v. Rouse, 47 Iowa 422; McCoy v. McCoy, 191 Iowa 973. In other words, the severance of the marriage relation by absolute decree, without alimony, terminates the right to alimony. See McCoy v. McCoy, 191 Iowa 973. It will be noted that the decree sought to be modified provides:

"It appearing to the court that a statutory settlement of the property interests of the parties has been made by stipulation executed by the parties, *no alimony is allowed by the court.*" (Writer's italics.)

It is the appellee's contention that, since the decree provides *that no alimony is allowed by the court*, the principle announced in the foregoing authorities is conclusive as against the right of the appellant to have a modification of the decree in so far as alimony for the plaintiff-wife is concerned. The appellant does not dispute the principle announced in said authorities, but it is her contention that she is entitled to have the decree modified so as to contain the provisions of the alleged written agreement entered into by the parties hereto prior to the granting of the decree, and that when so modified, it will show an allowance of alimony in her behalf, and that then she will be entitled under the last paragraph of Section 10481, Code, 1931, to a modification of the modified decree, provided she can prove a sufficient change in conditions and circumstances which will warrant the court, in the exercise of

equitable principles, in granting a change in alimony in her behalf. For authority for her contention that she is now entitled to a modification of the decree so as to contain the alleged provisions of the written contract, she relies upon Bennett v. Bennett, 200 Iowa 415. But said case is distinguishable and not authority for appellant's contention in this respect. In the cited case, there was nothing in the decree upon the subject of alimony, and the omission of the provisions of the contract constituted an evident mistake, and the inclusion of the terms of the contract was not contradictory to the express provision of the decree upon the subject. What the appellant is asking in this respect constitutes a *nunc pro tunc* order. It must be borne in mind that the correction now sought to be made is long after the term of court at which the decree was granted. Section 10803, Code, 1931, provides: "Entries made and signed at a previous term can be altered only to correct an evident mistake." What the appellant seeks in this respect is to inject into the decree, not something which was omitted as an *evident* mistake, but something which will conflict with the plain and unambiguous provision of the decree, *that no alimony is allowed by the court*. The plaintiff in her petition alleges, as a conclusion, that the written contract was for alimony.

Alimony is "the allowance made to a wife *out of her husband's estate* for her support, either during a matrimonial.suit, or at its termination, when she proves herself entitled to a separate maintenance, and the fact of a marriage is established." (Writers' italics.) See Black's Law Dictionary.

" * * * It [alimony] is an equitable allowance made to her [the wife] *out of her husband's estate* upon the dissolution of the marriage relation." (Writer's italics.) See Daniels v. Lindley, 44 Iowa 567.

The decree states that a settlement of the property interests of the parties has been made by written stipulation, while the appellant in her petition makes no allegation that she was to receive anything from her husband's estate, but alleges as a conclusion that the stipulation of settlement was for alimony.

A motion to dismiss in an equitable action serves the same purpose as a demurrer in a law action and admits to be true only such facts as are well pleaded in the pleading attacked and does

not admit conclusions. This rule is so well established as to require no citation of authority.

If it may be said that the allegation of plaintiff's petition that the contract was for alimony is not a conclusion, but a statement of fact, then the plaintiff is not entitled to the requested modification relative to the contract provision, for in that event, the contract was merged in the decree. If it was a contract for alimony, it was not binding upon the court and the court could still make such decree upon the subject as he thought the evidence warranted. That the provision of the contract, if one for alimony, was merged in the judgment and decree, see Delbridge v. Sears, 179 Iowa 526; Nicolls v. Nicolls, 211 Iowa 1193. In the Delbridge case, the court found, as a fact, that an agreement antedating the decree had been entered into which differed from the provisions of the decree upon the subject, and in passing upon the question, we there declared:

"Whatever this agreement was, upon which the court acted, it is apparent that it antedated the decree, and was merged in the decree. The court had no power to go back of the original decree and make a finding other and different from that which was the basis of the original decree. The court was not bound by the stipulation of the parties. * * * The original decree, covering the same subject-matter of the alleged stipulation, found and fixed the duty of the defendant towards the plaintiff touching alimony. * * * The judgment still stood as a verity. The facts upon which it rested could not be retried, nor could the parties go behind the judgment and original decree. This finding of the court does not open the way for the vacation of the original judgment. We must hold, therefore, that the court exceeded its authority and jurisdiction in making the order cancelling so much of the decree as gave plaintiff $6 a week, based as it was upon a claimed agreement between the parties made prior to the entering of the original decree."

In the more recent case, Nicolls v. Nicolls, 211 Iowa 1193, we declared:

"When such stipulation was filed, the district court then entered a judgment and decree fixing the alimony. Said judgment and decree amounts to such, regardless of whether or not there was a stipulation of alimony previously filed. That stipulation became merged in the judgment and decree."

In view of the foregoing pronouncements, it must be held that the provision of the decree *that no alimony is allowed by the court* is a binding adjudication as to the rights of the parties upon this question, regardless of the provisions of the written contract which antedated the decree, and since no appeal was taken from the decree, is must be considered as final upon the question. See Crockett v. Crockett, 132 Iowa 388; Kwentsky v. Sirovy, 142 Iowa 385. Therefore, in view of the authorities hereinbefore cited, since there is no provision for alimony for the wife in the original decree, there can be no modification of the decree in so far as alimony for the wife is concerned, and the trial court was right in his ruling upon this question.

As to whether the decree can be modified so as to require the defendant to pay a monthly allowance for the future care and support of the minor child, a different question is presented. The ruling of the court on this question is also controlled by our pronouncement in Spain v. Spain, 177 Iowa 249. The ruling of the court in sustaining appellee's motion to dismiss as to this claim is contrary to our pronouncement in the cited case. We there said:

"We are also of opinion, however, that the husband's duty was a continuous one to support his child, and that the application, in so far as it involves an award to the wife for that purpose, was not, strictly, for an award of alimony, but for the support of the child, and that to this extent, under our former cases, it should have been allowed."

Therefore, the ruling of the court in sustaining appellee's motion as to this claim must be reversed.

Relative to the remaining motion, which involves the question of plaintiff's attorney fees, the court sustained the motion, thereby holding that the plaintiff is not entitled to attorney fees for services rendered and to be rendered in this action for the requested modification of the decree of divorce. This ruling by the court is in conformity with our prior holdings. See Barish v. Barish, 190 Iowa 493; Nicolls v. Nicolls, 211 Iowa 1193; Stone v. Stone, 212 Iowa 1344; Hensen v. Hensen, 212 Iowa 1226.

For the foregoing reasons, the action of the trial court in sustaining appellee's motion to dismiss said petition as to the alleged cause of action, wherein the plaintiff prays that the decree be modified so as to require the defendant to pay a monthly allowance for

the future care and support of the minor child, is reversed and the cause remanded for trial as to said question, upon such issues of fact as may be properly raised by pleadings of the respective parties. The action of the trial court is in all other respects affirmed.— Affirmed in part; reversed in part.

STEVENS, C. J., and FAVILLE, DE GRAFF and ALBERT, JJ., concur.