CECILE PAUL, Appellee, v. CARLTON H. PAUL, Appellant.

CARLTON H. PAUL, Appellant, v. CECILE PAUL, et al., Appellees.

No. 42012.

JANUARY 9, 1934.

Thornell, Thornell & Nichols, for appellant.

Kimball, Peterson, Smith & Peterson, for appellee.

978

DONEGAN, J.—In November, 1926, Cecile Paul . instituted an action for divorce against Carlton H. Paul, her husband, in which she asked for the custody of their minor child, then nine years of age, and for alimony. Defendant filed a general denial, but, on the trial of the case, no evidence was offered by the defendant, and a decree of divorce was granted to the plaintiff. Pursuant to a stipulation made by the parties, the decree provided that the plaintiff should recover from the defendant $150 per month as alimony, until such time as their minor child should attain his majority, with a provision that, if the plaintiff, Cecile Paul, should marry, such alimony should cease and the defendant should thereafter be. required to provide the necessary and reasonable clothing for the minor child, Carlton H. Paul, Jr., and furnish said child a good college or university education.

Pursuant to such decree, the defendant paid to the plaintiff the sum of $150 per month until August, 1929, when he filed an application for a modification and asked that the amount of alimony be reduced to $50 per month. No hearing was had upon this application until October, 1930, at which time the parties again entered into a stipulation by the terms of which the defendant paid to the plaintiff the sum of $1,125 in full settlement of all alimony then due, and agreed to pay $75 per month until the child reached the age of 21 years, with the provision, however, that, if the plaintiff, Cecile Paul, should marry during said period, the said payments should be reduced to $50 per month and be paid to the person or persons keeping or taking care of said child. Said stipulation further provided that said plaintiff, Cecile Paul, should have the right to marry at any time, and that the defendant would pay the reasonable and necessary expenses incurred in sending the son, Carlton H. Paul, Jr., to some good college or university, after his graduation from high school, but that the payments provided for in the stipulation should be used for the education as far as they would go, and the defendant would pay all reasonable and necessary expenses in addition thereto. These stipulations were made a part of a decree, and the original decree was thus modified accordingly.

In June, 1932, the defendant having failed to make some of the payments as provided in the modified decree, the plaintiff caused a general execution to be issued and levied against the homestead which had been occupied by the plaintiff and defendant during their married life and which the defendant had continued to occupy

at all times after the divorce was granted. Thereupon the defendant filed an original action in equity to enjoin the sale on the ground that the property levied on was his homestead and was exempt from execution, and a temporary writ of injunction was issued as prayed. At the same time, the defendant filed, in the divorce action, a new application for a modification of the decree in which he asked that he be relieved from the payments provided in the decree as modified, and that the plaintiff be enjoined from attempting to collect any alleged judgments against the defendant based upon either the original decree or the decree as modified. Plaintiff, Cecile Paul, filed a resistance to the application for modification of the decree in the divorce action, and filed an answer in the action brought by defendant for injunction. The two cases were consolidated and tried together. The trial court entered a decree in the injunction case in which it found that the property levied upon was the homestead of Carlton H. Paul, that it had been occupied by him continuously since the divorce, and that it was exempt from execution, and ordered that the temporary injunction be continued in force so long as he continued to occupy same as a home for himself and family, and that said property be released from the levy of the execution. Upon the application for modification of the decree of divorce made by the defendant, Carlton H. Paul, the court entered a separate decree ordering that the defendant pay into court the sum of $50 per month, beginning November 1, 1932, for the use of the plaintiff, to be held by her solely for the support and education of the son, Carlton H. Paul, Jr., and that the obligation of the defendant to make such payments be made a lien upon the homestead of the defendant, Carlton H. Paul. Said decree further provided that, should defendant fail to make such payments, upon application to the court, order for the issuance of execution could be entered, and upon such order execution should issue and said property be sold, and that the fund realized from said sale be held and used for the purpose of providing an education for said son. Both parties appealed from the decrees entered in both cases. As Cecile Paul, plaintiff in the divorce action, has only very briefly set out the claim that the trial court should not have reduced the amount of the payments, but has devoted practically her entire argument to sustaining the decree of the court in making the payments a lien upon the homestead, we shall, in this opinion, refer to Carlton H. Paul as the appellant and to Cecile Paul as the appellee.

Appellant admits that the court, in its original decree, would have had the right to subject the homestead to the liability for alimony, but contends that because this was not done in the original decree, the court has no power to subject it to the lien of alimony thereafter. It may be conceded that, where no judgment for alimony is contained in an original decree, a court cannot thereafter decree alimony to a divorced wife except on such showing of fraud or mistake as would justify an interference with the decree in other actions. Rouse v. Rouse, 47 Iowa 422; Spain v. Spain, 177 Iowa 249, 158 N. W. 529, L. R. A. 1917D, 319, Ann. Cas. 1918E, 1225; McCoy v. McCoy, 191 Iowa 973, 183 N. W. 377. And, even where the original decree provides for alimony for a divorced wife, courts will modify such decree in favor of the divorced wife with considerable reluctance. Ostheimer v. Ostheimer, 125 Iowa 523, 101 N. W. 275; Barish v. Barish, 190 Iowa 493, 180 N. W. 724. Where, however, the original decree provides for the care, maintenance, and education of children, the courts will not hesitate to modify the same for the benefit of such children upon proper showing. Spain v. Spain, supra; Ostheimer v. Ostheimer, supra; Keyser v. Keyser, 193 Iowa 16, 186 N. W. 438; Morrison v. Morrison, 208 Iowa 1384, 227 N. W. 330.

While the original decree in this case provided that the payment of $150 should be made to the appellee, Cecile Paul, it is quite apparent that such payment was not for the benefit of appellee alone, but that the decree contemplated the use of at least a portion of said money for the care, maintenance, and education of the child, Carlton H. Paul, Jr. The original decree further provided that appellant would furnish said child a college or university education. The modification of the decree made upon the application of the appellant in October, 1930, shows that the payments therein provided were to a large extent, if not altogether, for the benefit of the minor child, and likewise provided that appellant shall give him a college or university education. In the decree as finally modified upon the application of the appellant, the $50 payments are wholly for the benefit of the child.

We think the evidence presented in the trial of this case was such as to fully justify the trial court in reducing the amount of the payments to be made by the appellant from $75 to $50. The fact that the original payment of $150 has thus been finally reduced to one-third of that amount, and that considerable sums still

remain unpaid, does not, in our opinion, indicate any lack of good faith on the part of the appellant. The evidence shows that, at the time of the original decree, the appellant was employed in a private bank in which his father was one of the chief partners, that he had no regular salary, that his earnings were based upon the net profits of such bank, and this bank closed in April, 1932. The evidence further shows 'that since about 1930 the appellant has been suffering from sickness and disability, and has been able to do but little work, and that at the time of the hearing on this application for modification he had no employment. The financial distress of the past few years has resulted in the closing of many banks and the throwing of many people out of employment, and we see no reason to doubt the truth of the showing made by the appellant. The reduction of the payments from $75 to $50 was, therefore, justified by the evidence, and we think the appellee has no just cause for complaint because of such reduction.

Was the trial court without authority or did it fail to exercise a proper discretion in ordering the payments for $50 per month to be made a lien upon the homestead of appellant? Section 10481, Code of 1931, is as follows:

"10481. * * * When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. *Subsequent changes may be made by it in these respects when circumstances render them expedient.*" (Italics are writer's.)

Under the provisions of the statute, a trial court has power to modify the amount of allowance for benefit of children made in a decree. Such modification may decrease the amount of the payments ordered in the decree, because of decreased ability to pay, or it may increase the amount of such payments if appellant's ability to pay has been increased and the circumstances warrant such change. Morrison v. Morrison, 208 Iowa 1384, 227 N. W. 330; Nicolls v. Nicolls, 211 Iowa 1193, 235 N. W. 288; Ostheimer v. Ostheimer, 125 Iowa 523, 101 N. W. 275. In this case the appellant asked for a reduction in the amount of payments, and in the prayer of his application he prayed for general equitable relief. In asking the aid of the court and for general equitable relief, appellant thereby submitted to the court the whole question of his rights and duties in connection with the support of his child, and

the court had the right to impose reasonable conditions in connection with granting the relief prayed. In providing that the reduced payments should be made a lien upon the homestead of the appellant, which had not been subjected to any lien prior to that time, we do not think that the court exceeded its power any more than such power would be exceeded by increasing the amount of the payments where an application is made for an increased allowance on the ground of increased ability to pay.

So far as we can find, the question of subjecting to the lien of a modified decree of divorce property which was not subject to such lien in the original decree has never been considered or determined by this court. In the case of Roberts v. Roberts, 135 Minn. 397, 161 N. W. 148, a decree of divorce awarded monthly payments of alimony to the plaintiff. Some time after the rendition of the decree, the defendant became possessed of real estate by inheritance, and on application this real estate was subjected to the lien of the decree providing for the payments to the plaintiff. In that case the court said:

"When the husband acquires property after the decree, so that there is a material change in his financial condition, there is no doubt of the right to revise the decree by increasing the amount; and we see no reason why the decree may not be revised so as to make the original award a specific lien on the after-acquired real estate."

In applying for the modification of the decree, the appellant asked for equitable relief, and, in order to obtain this relief, he must be willing to do equity. If, as a condition of such relief, the trial court in its decree saw fit to impose the condition that the reduced payments should be made a lien upon certain property of the appellant, we do not think it was without authority to do so.

As stated above, both the injunction action and the application for the modification of the decree were tried together and upon the same evidence, but separate decrees were entered in each case. In the injunction case the decree was entered October 11, 1932. This decree is in part as follows:

"And the court finds that the property levied upon herein is the homstead of the plaintiff and has been occupied by him continuously since the divorce, as his home, and is exempt from execution.

"It is therefore ordered that the temporary injunction herein be and the same is hereby continued in force so long as the plaintiff continuously occupies said property as a home for himself and family; and it is ordered that said property be released from the levy of execution now standing thereon."

The decree in the application to modify was entered on the 19th day of October, 1932, and is in part as follows:

"The court finds that the situation of the parties has changed much since the decree herein and the modification thereof. The defendant has lost his position and has no income at present. At the time of the decree he was employed in his father's bank and has overdrawn his account many thousands of dollars. The only tangible asset of which he is possessed is the home he has continued to occupy since the separation. * * *

"It is therefore ordered that the defendant pay into court the sum of fifty dollars per month beginning November 1st, 1932, for the use of the plaintiff to be held by her solely for the support and education of the son of the parties; and the obligation of the defendant to make such payments is hereby made a lien and charge upon the property of the defendant in the town of Thurman: Lot Seven and West half of Lot Eight in Block B, in the town of Thurman, Fremont County, Iowa; and should defendant fail to make said payments, upon application to the court, order for the issuance of execution may be entered and upon such order execution shall issue against said property and same shall be sold and the fund realized from said sale shall be held and used for the purpose of providing an education of said son."

We find considerable difficulty in reconciling the provision of the injunction decree which continues the injunction in force so long as the plaintiff continuously occupies said property as a home with the provision of the decree upon the application for modification which authorizes the issuance of an execution and sale of the home for failure to make the payments of $50 per month as provided in said decree. The decree on the application for modification specifically finds that the appellant had lost his position and had no income at the time of the hearing, and that the only tangible asset which he possessed was the home in which he lived. It then proceeds to impose upon him the duty of paying $50 per month,

and provides that a failure to pay this amount shall subject his home to execution and sale. We think the provision for the sale of the homestead as contained in the decree is too drastic. While it is desirable that this boy should be given a college or university education, we do not feel that the necessity of such education is so great that a child should deprive his father of the last asset in his possession and sell the home that shelters him, even for so laudable a purpose as the obtaining of an education. So long as defendant's failure to provide for the education of his son is caused by his inability to do so, we do not think he should be penalized because of his misfortune by being deprived of his home.

We reach the conclusion that the decree in the injunction action should be modified to the effect that the injunction provided for therein be continued in force so long as the plaintiff occupies the property in question as his home, or until it be sold under execution after hearing and order of court, as provided in the decree as modified upon the application for modification in the divorce action. It is our further conclusion that the decree upon the application for modification in the divorce action should be further modified as follows: That the provision in said decree ordering the defendant to pay the sum of $50 per month for the education of the son of the parties and making the obligation of the defendant to make such payments a lien upon the home of the defendant should be retained, but that it should be further provided that no execution issue for the sale of said home until after application be made and hearing be had thereon and it be found by the court that the defendant has obtained employment or has other sources of income and that he neglects or refuses to pay a reasonable part of his income over and above his own reasonably necessary living expenses to the education of his son; or that the defendant has an opportunity to obtain employment and to receive an income which would enable him to devote a reasonable part of his earnings over and above his own reasonably necessary living expenses to the education of his son, and refuses to accept such employment.

It is the order of this court that said decrees be modified in the respects above pointed out, and that, as thus modified, they be, and are hereby, affirmed.—Modified and affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, KINDIG, and KINTZINGER, JJ., concur.