TONES L. PEDERSEN, Appellee, v. CHRISTINE PEDERSEN, Appellant.

No. 46629.

FEBRUARY 6, 1945.

R. E. Hanke, of Des Moines, for appellant.

Lappen & Carlson, of Des Moines, for appellee.

SMITH, J.—In June 1942, plaintiff filed suit for divorce, in which defendant answered and in effect filed counterclaim for divorce. There was a trial and on September 28, 1942, a decree of divorce was awarded plaintiff but judgment was rendered in favor of defendant against plaintiff in the sum of $1,410, without interest, to be paid defendant "*at $40.00 per month beginning October 1, 1942, said amount being alimony and solely and exclusively as support money for the defendant, and the said judgment shall not be subject to any anticipation, hypothecation or assignment prior to the accrual of the payments as and when due on said judgment and any assignment prior thereto shall be void and upon the payment of the total amount of $1,410.00 without interest· the said judgment shall be fully discharged, settled, and satisfied.*"

It was further provided that the judgment was not to be a lien on any property of plaintiff except one certain described item of real estate. Plaintiff was also to pay the defendant's attorney's fee and costs of the suit. Defendant was to surrender possession of the homestead and all furniture and fixtures by September 30, 1942. In case of failure of defendant so to vacate, writ of ouster was to issue.

No appeal was taken from either the divorce decree or the judgment for alimony. The record does not disclose any basis for the alimony award, either in the evidence or by any filed stipulation.

The present proceeding was commenced by defendant, who filed, on May 21, 1944, a petition or application in two divisions, one entitled "application to modify divorce decree"; the other, "petition for new trial."

Division I alleges that, notwithstanding the provision in the decree requiring defendant to vacate the homestead, plaintiff orally agreed that she might remain and retain the furnishings to provide a home for herself and an incompetent minor son of the parties, whom she supported and cared for, "without any cost to her other than that she was to furnish the necessary food and clothing for the care and keep of said son."

It is further alleged that said son is now confined in the state hospital for the insane at Clarinda and that she has been paying for his care and keep; that she has now been notified to vacate the homestead; that plaintiff, who was in ill health at the time the divorce was granted, has recovered, is now able-bodied, regularly employed, and earning and capable of earning $200 per month, with no one to support but himself; that defendant has become ill and is physically unable to work because of her age and infirmity; that the cost of living has increased and the alimony allowed by the decree is not sufficient for her maintenance outside of the home.

In this division she asks that the decree be modified to require plaintiff to pay her $100 per month for life.

Division II asks for a new trial on the question of alimony, basing the request upon the claim that she was not properly advised by her then attorney, upon whose representations she relied, and that on the trial she was permitted to testify to certain questions only as propounded to her.

She attaches and makes a part of her petition a transcript of the evidence in the divorce hearing; alleges that at the time of the divorce the parties had been married thirty-three years and had one child, still in her custody, care and control, which child was ill and incompetent and only eighteen years old; that she and her husband were then the joint owners of property,

accumulated by their joint efforts (setting out descriptions and values); that there was no mention of these properties at the trial and the court was not properly advised and was misled.

There is further allegation that just prior to the trial her attorney advised her plaintiff and his corroborating witness were going to show that she had been unfaithful; that plaintiff would get the divorce and it would avail her nothing to bring in witnesses. There is no allegation of the falsity of any representation made to her.

She alleges fraud and connivance of her "adversary," based presumably on the allegations we have attempted to summarize, and that she did not have a fair trial, and asks that the original decree be set aside and a new trial granted upon the issue of property settlement.

Plaintiff moved to dismiss and strike both divisions as not maintainable under Rules 252–256, Rules of Civil Procedure (superseding chapter 552 of the Iowa Code, 1939), and, as to Division II (the petition for new trial), for the additional grounds "that there is no allegation of fraudulent practice by the plaintiff" and the petition is not supported by affidavit as required by Rules 253 and 80(b).

The trial court sustained plaintiff's motion, basing the decision upon six propositions: (1) The defendant has accepted the terms of the divorce and has shown no diligence indicating she was misled. (2) The application and petition was not filed within one year. (3) The divorce proceedings were regular and the allegations in the application and petition do not sufficiently show fraud. (4) Nineteen months passed before effort was made to discover what appears to be a matter of record. (5) The decree is a lump settlement and not the subject of review or modification. (6) The petition is not supported by affidavit. Defendant appeals.

No reference to section 10481, Code, 1939, is made in the motion to dismiss, or in the ruling of the court, except indirectly in paragraph 5 thereof.

Appellant argues three propositions, to which appellee counters with eight. We shall not follow the order or classification of the briefs, but in our own way will dispose of the points presented.

■ I. We shall treat Division I of appellant's application as a supplemental pleading, invoking the retained jurisdiction of the court under said Code section 10481. The pleading is denominated "application to modify divorce decree." Of course, the name given it does not alone determine its character. We must look to its allegations. They have already been set out and we are of the opinion they are sufficient to invoke the power given to the court by said Code section, which, after authorizing orders "in relation to the children, property, parties, and the maintenance of the parties," provides: "Subsequent changes may be made * * * in these respects when circumstances render them expedient."

There is no time limit within which this remedy must be invoked. Andrews v. Andrews, 15 Iowa 423. But in case of absolute divorce as contemplated by our practice the retained power to modify decrees in respect to property and maintenance rests entirely upon statute. Spain v. Spain, 177 Iowa 249, 158 N. W. 529, L. R. A. 1917D, 319, Ann. Cas. 1918E, 1225; Kraft v. Kraft, 193 Iowa 602, 187 N. W. 449. And it cannot be invoked if the original decree made no provision at all for alimony or expressly denied the request for it. Spain v. Spain, supra; Duvall v. Duvall, 215 Iowa 24, 244 N. W. 718, 83 A. L. R. 1242; Handsaker v. Handsaker, 223 Iowa 462, 272 N. W. 609.

It has also been intimated, though not clearly decided, that "where alimony is allowed in a lump sum, as permanent alimony * * * the statute does not authorize a change therein, except for such reasons which would justify the setting aside or changing of a decree in any other case; that the party awarded permanent alimony is not entitled to permanent alimony and support both * * *." Kraft v. Kraft, supra, 193 Iowa 602, 607, 187 N. W. 449, 451.

In view of the argument of appellee as to the alimony decree here having been based on a stipulation of the parties, it is proper to point out that this fact, if true, would not preclude modification of the decree under Code section 10481. Nicolls v. Nicolls, 211 Iowa 1193, 1200, 235 N. W. 288. The stipulation becomes merged in the decree. Delbridge v. Sears, 179 Iowa 526, 160 N. W. 218.

■ II. Was the judgment in favor of appellant a "lump

sum" allowance? It is true that a total or gross sum, $1,410, is named. But it is made payable in monthly installments, without interest, and is said to be intended "solely and exclusively as support money for the defendant"; 'and power to anticipate, hypothecate, or assign is expressly forbidden to her.

A lump-sum judgment, in the ordinary sense, is property of the one in whose favor it is rendered and subject to his control and disposition. The restrictions imposed here are entirely inconsistent with the usual conception of the term lump-sum judgment. Appellant was not the owner of this judgment and had none of the powers of ownership except perhaps as to the monthly installments after they came due.

The monthly installments were "solely and exclusively" *for her support*. It is not certain that they could be collected by anyone in event of her death. The effect was practically the same as a $40 per month allowance to her so long as she lived, with a proviso that when and if the payments, without interest, aggregated $1,410, they would cease.

We have found no authority to guide us in classifying this unusual judgment, but we are not disposed to hold that when it was entered the court lost the right to modify it under Code section 10481 if circumstances rendered some modification expedient because of changed conditions. If it was, as we view it, an order in relation to appellant's maintenance, then the statutory reserved power of the court to modify extends to the whole order, including the maximum limitation provision. The court cannot abdicate that power.

The decision of the trial court dismissing Division I of appellant's pleading was error. None of the propositions upon which the trial court based its decision is applicable to proceedings for supplemental order under Code section 10481, except number 5, and it is not applicable here under our holding that the judgment in question was not a "lump sum" settlement. We make no pronouncement as to whether a "lump sum" allowance would be subject to change under the statute.

III. Division II of appellant's pleading is by its title a "petition for new trial"—not, however, of the whole case. Appellant seeks a new trial only as to the issue of property

settlement, but it would involve a re-examination of the situation and condition of the parties *as of the date of the original trial* and an allowance based thereon.

This is quite different from the remedy under section 10481 which we have been discussing, which is based on alleged changes having occurred after the decree was entered and which recognizes the decree as a binding adjudication as of the date rendered. Franklin v. Bonner, 201 Iowa 516, 207 N. W. 778; Delbridge v. Sears, supra, 179 Iowa 526, 160 N. W. 218. The remedy invoked under appellant's Division II must rest either upon the statutory or rule provision for vacating or modifying judgments and granting new trial, or upon recognized equitable grounds.

Appellant cannot bring herself within the provisions of Rules 252 et seq., Iowa Rules of Civil Procedure (superseding chapter 552, Code, 1939), because she did not act within the one-year time limit therein provided. She seeks equitable relief on account of fraud, citing Graves v. Graves, 132 Iowa 199, 109 N. W. 707, 10 L. R. A., N. S., 216, 10 Ann. Cas. 1104, and other authorities, in support of her contention.

Without reviewing the authorities cited or questioning their correctness, we are compelled to agree with the trial court that the allegations of the pleading are not sufficient to entitle appellant to the equitable relief sought by Division II and that there is no such showing of diligence as would avail her even if fraud could be said to be pleaded. As to this division we think the trial court correctly sustained the motion to dismiss.

IV. We have already pointed out that appellant's "application to modify divorce decree" is, in effect, a supplemental pleading. We do not believe it required to be supported by affidavit under Rule 80(b). However, it was verified and we do not think more should be required.

The decision of the trial court will be reversed and the case remanded for further proceedings upon the issues tendered by appellant's application for modification of divorce decree under Code section 10481.—Reversed and remanded.

All JUSTICES concur.