LOIS RALEY, appellant, v. WILLIAM DANIEL TERRILL et al., appellees.

No. 50414.

MARCH 6, 1962.

Duffield, Pinegar & Tapscott, of Des Moines, for appellant.

Steward, Crouch & Kelly, of Des Moines, for appellee Ralph Ure.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee William L. McDivitt.

Doran, Doran, Doran, Erbe & Doran and L. W. Courter, all of Boone, for appellee William Daniel Terrill.

HAYS, J.—This is a law action for damages arising out of a collision of automobiles. On December 7, 1960, the petition was filed in the office of the Clerk of the District Court in and for Dallas County, Iowa. It alleged that the collision occurred on December 13, 1958.

On December 10, 1960, each defendant was duly served with a purported original notice with a copy of the petition attached. December 21, 1960, defendant McDivitt filed a special appearance attacking the jurisdiction of the court, alleging the original notice was void and of no force and effect. On December 23, 1960, what was designated as "Amendment to Original Notice," with a copy of the petition attached, was served upon defendants Terrill and Ure, and upon defendant McDivitt on December 24, 1960. December 29, 1960, Ure appeared specially to question the jurisdiction of the court. January 6, 1961, Mc-Divitt again appeared specially and on January 11, 1961, defendant Terrill filed a motion to dismiss under rule 104, R. C. P. The trial court sustained both special appearances on January 26, 1961, as to both the first original notice and amendment thereto, and on February 23, 1961, sustained the motion to dismiss and dismissed the petition at plaintiff's cost. Plaintiff has appealed.

I. We will first examine plaintiff's appeal as it concerns defendants Ure and McDivitt.

Rule 66, R. C. P., provides: "A defendant may appear

specially, for the sole purpose of attacking the jurisdiction of the court * * *. The special appearance * * * shall state the grounds thereof. * * *."

Rule 104, R. C. P., requires every defense must be asserted in the responsive pleading except: "(a) Want of jurisdiction of the person, or insufficiency of the original notice, or its service must be raised by special appearance * * *."

The special appearance of defendant McDivitt was filed December 21, 1960, as authorized by said rules and was based upon "insufficiency of the original notice". So far as material here, the Original Notice was as follows:

"In the District Court * * * in and for Dallas County, Iowa.

"To above named defendants:

"You * * * are hereby notified that the petition is now on file in the office of the Clerk of the above named Court * * *.

"You * * * are notified to appear before *said Court at the Polk County Courthouse in the City of Des Moines, Polk County, Iowa,* * * * your default will be entered * * *." (Italics added.)

This special appearance was not then submitted to the trial court.

On December 23 and 24, 1960, there was served upon the defendants what was called "Amendment to Original Notice". This so-called amendment was a complete original notice, as provided for in rule 50, R. C. P. It stated *"appear* before *said Court at the Dallas County Courthouse in the Town of Adel, Dallas County, Iowa,* within twenty days after service of this Amendment to Original Notice is served upon you * * *." (Italics added.) It also advised defendants to ignore the previously served Original Notice wherein it calls for appearance at the Polk County Courthouse in Des Moines, Iowa.

Thereafter defendant McDivitt again filed a special appearance based upon the insufficiency of the original notice and no authority existing for the filing of an amendment thereto. Defendant Ure on January 17, 1961, amended his special appearance by stating that the amendment did not conform to rule 50, R. C. P., and conferred no jurisdiction.

An examination of the original notice served in the case

of Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 111 N.W.2d 251, reveals that it is almost identical to that now before us except as to the county wherein the petition was filed. We there held that the notice was fatally defective and affirmed the sustaining of the special appearance. That decision governs this case *in so far as the original notice is concerned.* The case of Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919, cited by appellant, is clearly distinguishable.

However, on December 23, 1960, the so-called "Amendment to Original Notice" was served upon both defendants Ure and McDivitt. While it fails to state that it is an "Original Notice", probably as contemplated by rule 50, R. C. P., it does in all other respects conform to said rule and conferred upon the district court of Dallas County, Iowa, jurisdiction over the person of each defendant served therewith. Under the rule announced in Jacobson v. Leap, supra, and in no way inconsistent with the rule announced in Summerlott v. Goodyear Tire & Rubber Co., supra, the reference to the notice as an "Amendment to Original Notice" rather than an "Original Notice", if it be a defect, is not a fatal one. See Pedersen v. Pedersen, 235 Iowa 708, 17 N.W.2d 520.

The sustaining by the trial court of the amendments to the special appearances of defendants Ure and McDivitt was error and requires a reversal as to them.

II. On January 11, 1961, defendant Terrill filed a motion to dismiss under rule 104, R. C. P. Rule 104 in part provides:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto * * * except:

"(a) Want of jurisdiction of the person, or insufficiency of the original notice * * * must be raised by special appearance before any other appearance, motion or pleading is filed; * * *

"(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer. * * *

"(d) Such motions must specify wherein the pleading they attack is claimed to be insufficient."

The motion to dismiss, and it was so designated by defendant Terrill, states that a purported original notice was served December 10, 1960; that said notice was void, setting

forth the reason for such statement; that on December 23, 1960, he was served with an "Amendment to Original Notice"; that by reason of the fact the first served notice was void, the amendment could not give it life and since the statute of limitations has run by reason of the fact that plaintiff was injured on December 13, 1958, and no good and sufficient notice was served until December 23, 1960, the statute of limitations has run and cause of action is barred by section 614.1(3), Code of Iowa.

 We have held many times that a motion to dismiss must be based upon matters alleged in the petition. It may not sustain itself by its own allegations of fact, not appearing in the challenged pleading. Herbst v. Treinen, 249 Iowa 695, 88 N.W.2d 820; In re Estate of Ferris, 234 Iowa 960, 14 N.W.2d 889. The petition in the instant case, filed December 7, 1960, shows that the collision occurred December 13, 1958. There is nothing appearing in the petition as to any of the matters set forth and relied upon in said motion to establish the running of the statute of limitations. It is clearly a "speaking motion" and may not be deemed a motion to dismiss within the purview of rule 104(b), R. C. P. Such alleged matters not being considered, there is nothing in the petition to sustain the motion to dismiss. As such, it should have been overruled. See authorities last above cited.

 Strictly speaking the so-called motion to dismiss in fact asserts a lack of jurisdiction so far as the original notice is concerned and in that respect might be deemed to be a special appearance; it also raises other issues not addressed solely to the jurisdiction of the court and thus constitutes a general appearance. 6 C. J. S., Appearances, sections 12f and 12(a); In re Estate of Ferris, supra; Gardner v. Beck, 195 Iowa 62, 72, 73, 189 N.W. 962. There being nothing upon the face of the petition to show the statute of limitations had run so to bar recovery, the trial court erred in sustaining said motion to dismiss.

For the reasons above set forth the ruling of the trial court sustaining the amendments to the special appearances of the defendants Ure and McDivitt, and the motion to dismiss as to defendant Terrill and dismissing plaintiff's petition is reversed and remanded for further proceedings.—Reversed and remanded.

LARSON, THOMPSON, PETERSON, and THORNTON, JJ., concur.

OLIVER, J., GARFIELD, C. J., and SNELL, J., dissent.

BLISS, J., not sitting.

OLIVER, J. (dissenting)—I respectfully dissent. Plaintiff's petition was filed in district court of Dallas County at Adel. The original notice (erroneously) notified defendants to "appear before said Court at the Polk County Courthouse in the City of Des Moines." Summerlott v. Goodyear Tire & Rubber Co. 253 Iowa 121, 111 N.W.2d 251, held such an error was a fatal defect which made the service void. The majority opinion concedes that holding is applicable to this original notice.

In both the case at bar and the Summerlott case, the two-year period of the statute of limitations terminated after the original notice was served but before the defect which made that service void came to the attention of counsel for plaintiff. In the Summerlott case no other notice was served on defendants. In the case at bar another notice entitled "Amendment to Original Notice" thereafter was served.

The body of this so-called Amendment to Original Notice was three paragraphs in length. Paragraphs 1 and 2 were the same as in the original notice, except the amendment notified defendants to appear before said court at the Dallas County courthouse in the town of Adel. Paragraph 3, which occupied half the space of the instrument, notified defendants to disregard, as incorrect, the part of the original notice which had notified them to appear at Polk County courthouse in Des Moines, and it directed them to appear at the Dallas County courthouse in Adel.

Defendants McDivitt and Ure, by special appearances, had first attacked the jurisdiction of the court on the ground the original notice served upon them was void. After the service upon them of the amendment to original notice each of them again appeared specially to attack the jurisdiction of the court.

The trial court sustained the several special appearances and the amendment to special appearance. The majority opinion does not question the correctness of the part of this order sustaining the special appearances to the original notice. It con-

cedes the original notice was invalid under Summerlott. But the majority opinion does hold the service upon defendants of the amendment to original notice gave the court jurisdiction of defendants. The reason the majority gives for this conclusion is, that the name, Amendment to Original Notice, "if it be a defect, is not a fatal one." In support of this statement it cites Pedersen v. Pedersen, 235 Iowa 708, 712, 17 N.W.2d 520, which states, with reference to the title of a pleading: "Of course, the name given it does not alone determine its character. We must look to its allegations."

That statement is not applicable to the title, Original Notice. The noun *pleading* is a generic term. An original notice is a specific kind of instrument, defined and limited by the Iowa Rules of Civil Procedure. R. C. P. 48 states: "A civil action is commenced by serving the defendant with an original notice." R. C. P. 50, entitled Contents of Original Notice, definitely spells out what such contents *shall* be. This means no more as well as no less. The so-called amendment to original notice does not substantially comply with these requirements not only in name but also in that half of its contents are foreign to those listed in R. C. P. 50.

R. C. P. 88 and 89 govern amendments to pleadings. There is no like rule permitting amendments to an original notice. Moreover, it is conceded the original notice in this case was void. Hence, the majority decision necessarily is based upon the conclusion the so-called amendment to this void instrument created a valid original notice, the service of which upon defendants brought them into court.

No precedent is cited for the strange procedure adopted by plaintiff and approved by the majority opinion. I know of none and would disapprove it as an attempt to tinker with the Rules of Civil Procedure. Its apparent purpose was to remove the bar of the statute of limitations which had taken effect before plaintiff learned the original notice was void.

Unless the majority is prepared to hold this purpose was accomplished, its decision will be of no practical value to plaintiff who will doubtless be faced with such bar as a defense in the trial court. The decision of the trial court on this point may result in another appeal before the case may be considered

on its merits. In any event, I fear the majority opinion will result in confusion rather than clarification of the procedural questions involved.

I agree with Division II of the majority opinion that the petition on its face does not show the action was barred by the Statute of Limitations.

GARFIELD, C. J., and SNELL, J., join in this dissent.