Azalee I. Evans and James O. Evans, appellants, v. Frank
G. Ober, M.D., appellee.

No. 51345.

(Reported in 129 N.W.2d 78)

June 9, 1964.

Joseph L. Phelan, of Fort Madison, for appellants.

Poor, Cray, Walter & Youngstrom, of Burlington, for appellee.

THOMPSON, J.—Procrastination, it is said, is the thief of time. Whether the procrastination is that of the plaintiffs, or of their counsel in this case, something more than time has been lost. Why parties who conceive they have a cause of action against another will delay commencing it until the statute of limitations is treading closely on their heels is difficult to understand. We have been faced in recent years with several cases in which the original notice has not been served until only a short time remained before the running of the statute; and in which some defect, claimed or valid, in the process has been asserted and it has been necessary to determine that question before further action may be taken. In many of these actions it has been necessary to uphold the claimed lack of jurisdiction, and the right to a trial on the merits has been lost, because the statute had run before another and valid notice could be served.

Whether these delays in commencing suit have been due to the neglect of the plaintiff in consulting his attorneys, or because the lawyer did not proceed promptly after the matter was placed in his hands, or because it was hoped a settlement could be obtained, or for other reasons, we are not told, probably because it would be immaterial to any issue of the validity of the notice or the manner of its service.

We imply no criticism. It is understandable that an attorney may err in the drawing or serving of a notice of suit. The perfect, non-erring lawyer has not yet been discovered. In the case before us the mistake appears to have been due to the failure of a competent and experienced secretary to delete certain words in a printed form, and to substitute a correct place designation for an erroneous one.

On August 2, 1963, the plaintiffs, through their counsel, filed their petition against the defendant. It was captioned "In the District Court of the State of Iowa in and for Lee County at Keokuk", and was filed in the clerk's office there. On the same date an original notice in the same suit was served

upon the defendant. It bore the same caption, with a copy of the petition attached, notified the defendant that a petition in the action was on file in the "above named Court", and concluded: "You are also hereby notified to appear before said court at Fort Madison in *Lee County, Iowa*, within TWENTY (20) days after service of this original notice upon you, and that unless you so appear, your default will be entered and judgment or decree will be rendered against you for the relief demanded in the petition." It was duly signed by the plaintiffs' attorney.

The special appearance which was shortly filed raised the question that while the suit was filed at Keokuk, as the caption of the notice indicated, the defendant was notified to appear at Fort Madison. A resistance was filed by the plaintiffs, together with a motion asking leave to amend the notice. The trial court sustained the special appearance. So far as the record shows no ruling was made on the motion for leave to amend. The plaintiffs appeal, assigning only one error: "The court erred in holding that the notice was so fatally defective that it failed to confer jurisdiction on the court."

I. The case is ruled by Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 111 N.W.2d 251, 93 A. L. R.2d 371. There we held that a notice entitled "In the District Court of the State of Iowa, in and for Jasper County", in which court the petition was actually filed, but which concluded by notifying the defendant to appear "at the Polk County Courthouse in Des Moines, Polk County, Iowa," was fatally defective. We pointed out that rule 50, R. C. P., specifying what must be contained in an original notice, requires that: "It shall name the plaintiff, the court, and the city or town and county where the court convenes." Also "It shall notify the defendant to appear before said court", a specified number of days after service. Loc. cit. 253 Iowa 125, 111 N.W.2d 253.

We followed the Summerlott case in Raley v. Terrill, 253 Iowa 761, 113 N.W.2d 734. Both cases distinguish Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919, which the plaintiffs cite and rely upon. Factually the Summerlott and Raley cases are

identical with the situation before us, with one difference which we find of no aid to the plaintiffs. Lee County comprises the First Judicial District of Iowa. Code of 1962, section 604.8. But it has two places for holding the district court: Fort Madison and Keokuk. Specifically, section 604.15 provides that in the first district the judges shall alternate in holding terms of court at the places for holding court and terms may be held simultaneously at both places.

The plaintiffs urge that the rule of Summerlott should not apply because both Keokuk and Fort Madison are in the same judicial district. But the defect pointed out both in Summerlott and Raley was that the notice directed the defendant to appear in the wrong city. There is no stress placed upon the fact that the cities happened to be in different judicial districts, and no indication the result would have been different if they had been in the same one. The reasoning is that rule 50 requires the defendant be notified of the city or town where he is to appear, and no jurisdiction is acquired by directing him to appear in a place other than the one where the action is in fact pending.

II. While the plaintiffs have not assigned error upon the failure of the trial court to rule upon their motion for leave to amend the notice, which in effect denied the motion, they assert in their brief that such right should have been granted. We pointed out in Krueger v. Lynch, 242 Iowa 772, 777, 48 N.W.2d 266, 269, that "Of course, we have no such practice in Iowa as the amendment of an original notice after service; * * *." We there cited and discussed cases from other jurisdictions in which amendment of process had been permitted; but we said: "Permission to amend was, in effect, a holding that the claimed defect in the summons was not jurisdictional." The plaintiffs here, in their brief, say that the notice served on the defendant "in the plaintiffs' opinion, was a voidable notice." In this statement they are clearly in error. The notice, being insufficient to give jurisdiction over the person of the defendant, was not voidable, but void.

Raley v. Terrill, supra, 253 Iowa 761, 113 N.W.2d 734, bears some comment. There, after the service of the first notice, which

directed the defendants to appear at Des Moines, in Polk County, instead of the city where the suit was pending, Adel in Dallas County, and after the filing of the special appearance, the plaintiff caused to be served what she designated as "Amendment to Original Notice." This properly designated the place of appearance and was in all respects a proper notice conforming to rule 50. The majority opinion held that, although this was labeled an amendment, it was in fact in itself a good and sufficient original notice, and gave jurisdiction of the defendant so that a special appearance would not lie. Of course, this left the plaintiff's case still vulnerable to the defense of the statute of limitations, if the time had run before the service of the second notice, as it apparently had. The dissenting opinion disagreed with the conclusion that the "amendment" was anything more than that, and held that, being merely an "amendment", it was improper and gave no more jurisdiction than the original notice. Neither the majority nor the minority opinion offered any comfort to the plaintiff. Under the majority view there was jurisdiction, but it spoke only from the date of service of the second notice and so offered no bar to the running of the statute; the minority would have terminated the plaintiff's case instanter, saying the majority holding would be of no practical value to the plaintiff since the statute had run before the service of the second notice. The disagreement in the court was not as to whether, but only as to how, the plaintiff was to lose her case.

III. Both Summerlott and Raley decide the case before us. We can see no difference between a notice which directs the defendant to appear in the wrong city, or town, in another county, and one which orders him to appear at the wrong place in the same county. The notice here properly named the court and the county; but it failed to comply with rule 50 as to advising the "city or town" where the suit was actually started and the court would convene. The notice advised the defendant of a rendezvous with trouble in Fort Madison, when it was in fact awaiting him in Keokuk.

Other points urged by the plaintiffs are covered in the Summerlott case, and we shall not take the time and space to discuss them here. The plaintiffs tell us that unless the holding

of the trial court is reversed, their case will be barred by the statute of limitations. This is of course unfortunate, but we must follow the law as prescribed by rule 50 and applied in our previous decisions. If the action had been commenced a sufficient time before the last date when the statute became operative, a mistake in the notice—a mistake which might be made by the most meticulous attorney or his office staff—would have had no disastrous result; a new notice could have been served. We have no way of knowing why the suit was so long delayed; there may have been good reason for waiting. But we may not concern ourselves with these matters; the rules are clear and may not be changed because of hardship or misfortune. We affirm the ruling of the trial court.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.