**Charles E. BOYE, Appellant,**

v.

**William Carl MELLERUP a/k/a Billie Carl Mellerup, Appellee.**

**No. 2–56691.**

Supreme Court of Iowa.

May 21, 1975.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant.

Genung & Rogers, Glenwood, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

RAWLINGS, Justice.

Plaintiff appeals from trial court's order sustaining defendant's special appearance for lack of jurisdiction over the person. We reverse.

Sometime prior to August 2, 1972, plaintiff, Charles E. Boye, instituted an action in Nebraska against William Carl Mellerup for recovery of damages resulting from an automobile accident. Plaintiff was ultimately granted a $4200 judgment on default.

In February 1973, plaintiff initiated an action against *William Carl Mellerup* in the District Court, Mills County, Iowa, thereby seeking judgment on the aforesaid Nebraska award.

March 14, pursuant to Iowa R.Civ.P. 66, defendant filed a special appearance alleging lack of personal jurisdiction in that (1) the original notice identified defendant as William Carl Mellerup when in fact his true name is Billie C. or Billie Carl Mellerup and (2) the action was premised upon a Nebraska judgment previously entered against William Carl Mellerup, a person other than himself.

Apparently trial court never entered a ruling on this special appearance.

March 20, plaintiff amended his aforesaid petition thereby inserting the name Billie Carl Mellerup at every point after the name William Carl Mellerup.

March 23, service of a second original notice was effected upon *William Carl Mellerup a/k/a Billie Carl Mellerup.*

April 17, defendant again specially appeared, once more alleging lack of jurisdiction for the same reasons previously urged.

April 23, plaintiff entered resistance to this last special appearance.

After hearing in the matter trial court generally sustained the second special appearance for lack of jurisdiction over the person. In doing so, however, the court specifically found Billie Carl Mellerup was defendant's true name and service of original notice had been made upon such named defendant.

The sole question presented on this appeal is whether trial court erred in sustaining defendant's second special appearance.

The two alternate grounds asserted in defendant's April 17 special appearance, *supra,* will be considered in the order presented.

I. It is prefatorily noted no ruling was entered, as aforesaid, on defendant's first special appearance. Therefore, the view expressed in White v. Wilkes, 173 N.W.2d 98, 99 (Iowa 1969), regarding waiver of right to appeal, is instantly inapplicable.

■ Furthermore, the order sustaining defendant's second limited appearance stood as a final adjudication from which appeal could be and was taken by plaintiff as a matter of right. See Saxton v. State, 206 N.W.2d 85, 86 (Iowa 1973); Iowa R.Civ.P. 331.

■ II. As previously stated, defendant's second or April 17 special appearance initially asserts trial court did not acquire personal jurisdiction over defendant because he was not served with original notice directed to him by his correct name, Billie Carl Mellerup. This contention is apparently premised upon Iowa R.Civ.P. 50 which provides, in relevant part:

"The original notice *shall be directed to the defendant,* and signed by plaintiff or his attorney with the signer's address. It shall name the plaintiff, the court, and the city or town, and county where the court convenes. It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. It shall notify defendant to appear before said court within the specified number of days after service * * * and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition." (emphasis supplied).

Focusing upon this rule we observed in McArtor v. Pete's Cafe, 175 N.W.2d 369, 372 (Iowa 1970):

" 'It is too well settled for discussion that compliance with rule 50 is required in order to obtain jurisdiction. Compliance with this rule is the only method by which a plaintiff may compel a defendant to submit to the court for a binding adjudication of their differences. Our previous holdings have firmly established that the provisions of rule 50 are mandatory and that the rule has statutory status. * * *.' "

See also Marks v. Shinrone, Inc., 220 N.W.2d 889, 890 (Iowa 1974).

But as above noted, plaintiff here effected a timely amendment of his petition thereby identifying defendant as William Carl Mellerup, a/k/a Billie Carl Mellerup. Thereupon a second original notice was served on defendant by which he was likewise named. We are satisfied this procedure is not subject to question. See Evans v. Ober, 256 Iowa 708, 713, 129 N.W.2d 78 (1964).

It therefore follows service of the second original notice accorded trial court jurisdiction over the person of Billie Carl Mellerup.

Trial court erred in holding otherwise.

III. As best determinable defendant's April 17, special appearance secondarily asserts absence of jurisdiction over his person because the Nebraska judgment on which plaintiff now seeks recovery in Iowa is void in that it was entered against William Carl Mellerup, not Billie Carl Mellerup.

Iowa R.Civ.P. 66 authorizes a defendant to appear specially *for the sole purpose* of attacking the court's jurisdiction. See Kliege v. Iowa Employment Security Commission, 206 N.W.2d 123, 128 (Iowa 1973); Jansen v. Harmon, 164 N.W.2d 323, 326 (Iowa 1969); In Re Community Sch. Dist. of Farragut, 250 Iowa 1324, 1327, 98 N.W.2d 888 (1959); 5 Am. Jur.2d, Appearance, § 2; 6 C.J.S. Appearances § 1 at 6–7.

Here, however, defendant apparently attempts to utilize "special appearance" as a tool by which to controvert validity or enforceability of the Nebraska judgment, not the local court's jurisdiction over his person. In other words, he asserts a matter calling for exercise of the court's judicial authority to pass upon a question other than its own jurisdiction. See George v. Gander, 261 Iowa 275, 279, 154 N.W.2d 76 (1967); Read v. Rousch, 189 Iowa 695, 699, 179 N.W. 84 (1920). See generally Bennett v. Ida County, 203 N.W.2d 228, 234 (Iowa 1972); Iowa Elec. Co. v. Board of Control, 221 Iowa 1050, 1058–1059, 266 N.W. 543 (1936).

Trial court erred in sustaining defendant's special appearance on the second contention urged.

In light of our holdings, *supra,* this case must be reversed and remanded with instructions that a substitute order be entered overruling defendant's special appearance.

Reversed and remanded with instructions.