**78**

Glen G. YANKEE, Respondent,

v.

Arthur and Bessie FRANKE, Appellants.

No. WD 34364.

Missouri Court of Appeals,
Western District.

Feb. 7, 1984.

Lloyd S. Hellman, Patricia D. Reynolds, Sandler, Balkin, Hellman & Weinstein, Kansas City, for appellants.

Kenneth H. Taylor, Independence, for respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

CLARK, Judge.

Appellants, the former owners of residential property, suffered judgment in an unlawful detainer suit brought by respondent who purchased the property at a mortgage foreclosure sale. The judgment granted respondent possession of the property and damages for rent and this appeal followed. Reversed.

Arthur and Bessie Franke were the owners of and occupied the subject property consisting of a residence and lot at Lake Lotawana in Jackson County. They acquired the property in 1979 and, in connection with the purchase, they executed a deed of trust to Commercial Credit Plan, Inc. to secure a loan of $20,100.00. Some three years later, the then holder of the indebtedness declared a default and commenced foreclosure under the deed of trust. Respondent Yankee was the successful bidder at the foreclosure sale held July 20, 1982 and he received a trustee's deed.

From 1979 to the date of the foreclosure sale, appellants were in possession of the property which they occupied as their home. To oust appellants from possession,

Yankee filed this action in the Associate Circuit Court of Jackson County. Appellants were served with a summons which directed them to appear on August 30, 1982 in the associate circuit court on the third floor of the Jackson County Courthouse, 415 E. 12th Street, Kansas City, Missouri to answer the unlawful detainer complaint against them.

Some divisions of the associate circuit court in Jackson County sit in the courthouse at Kansas City and other divisions sit in the Independence Courthouse. The subject case was actually pending in an associate circuit court division located in the Independence courthouse. The summons which directed appellants to the Kansas City courthouse was in error. When appellants responded to the Kansas City courthouse as directed by the summons, they could find no court there which had their case docketed.

When appellants did learn the location of the court where the suit against them pended, they entered a special appearance and contested the jurisdiction of the court contending the defect in the summons deprived the court of personal jurisdiction to order their ouster from the property or to enter any money judgment. Appellants' jurisdictional contention was summarily denied and the case ultimately proceeded to judgment against them.

One of the points advanced in appellants' brief contends that the trial court erred in proceeding with the case at all because the defective summons gave the court no jurisdiction over appellants. In this, the appellants are correct, and as a consequence, the judgment rendered was a nullity.

*State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976), was an election contest case in which the contestee was served with a summons directing his appearance 30 days after service. Under the statute governing election contests, the date for hearing must be within five days. The summons was therefore defective, not only as to the erroneous return date, but as indicating, contrary to the election contest statute, that the case would proceed to default if the contestee filed no answer.

■■■ The court held that service of a summons in the form prescribed by law is a prerequisite to acquisition of the court's jurisdiction of the person, and service of a defective summons is the equivalent of no service at all. A proper summons is jurisdictional and is absolutely essential to the validity of the proceeding. Jurisdiction is not acquired merely because the defendant acquires information as to his required appearance from a source other than the summons. *State ex rel. Craig v. Grimm*, *supra* at pages 337, 338.

Assuming, then, that a defect in the summons would vitiate all the proceedings in this case and render the judgment a nullity, the question is whether designation of the wrong courthouse as the place for defendants' appearance to answer the complaint is such a defect. The case of *State ex rel. Rakowsky v. Bates*, 286 S.W. 420 (Mo.App. 1926) is directly in point.

In *Rakowsky*, suit was filed in the circuit court of Jasper County. The summons issued by the clerk and served on Rakowsky directed his appearance at the courthouse in the city of Joplin on the first day of the June Term. In fact, on the date stated in the summons, there was no court term at Joplin, but in Carthage where the Jasper County Circuit Court also sat. In holding that the court acquired no jurisdiction over Rakowsky by reason of the defective summons, the court stated at page 422:

"It is just as necessary for the summons to specify the place where the defendant is to appear at court, as it is to specify the term at which he shall appear. The purpose of having a summons issued and served is that the court may acquire jurisdiction over the person of the defendant, and we do not think a summons commanding a defendant to appear at Joplin confers jurisdiction over his person upon a court to convene at Carthage."

The general rule of strict compliance with notice provisions of a summons is to the same effect in other states. Thus, in

*Evans v. Ober,* 256 Iowa 708, 129 N.W.2d 78 (1964), the court held no jurisdiction was acquired over the person of the defendant where the summons properly named the court and county, but "advised the defendant of a rendezvous with trouble in Fort Madison, when it was in fact awaiting him in Keokuk." See also 62 Am.Jur.2d *Process,* § 14 (1972), 72 C.J.S. *Process,* § 13 (1951) and Annot., 93 A.L.R.2d 376 (1964).

■ Even assuming the defect in the summons to be of jurisdictional stature, however, respondent contends that by their ultimate appearance at the court in Independence and the defense made to the case on the merits, appellants waived the jurisdiction question. This contention is without merit for several reasons.

In the first place, appellants raised the issue of the defective summons at the very outset of the case and they have continued to reassert that contention throughout. In fact, appellants went much farther than was required of them initially because the case was first lodged in the associate circuit court where appellants were under no obligation to file any formal pleading. Rule 41.01(b); *Southwestern Bell Telephone v. Kinealy,* 623 S.W.2d 63 (Mo.App. 1981).

Because of appellants' request for a jury trial, assignment of the case by the presiding judge of the circuit was required and it thereafter proceeded as a case to which Rule 55 was applicable. At this point, appellants did file their answer in which the jurisdictional question of the summons was restated thereby preserving the point. Rule 55.27(f) and (g).

The gist of respondent's contention is that appellants were put to a choice of standing on the challenge to the court's jurisdiction, or of waiving the claim as a precondition to defending the suit on the merits. Respondent argues that appellants may not now be heard to assert the jurisdictional defect because, in addition to filing their answer to the petition, they demanded a jury trial, filed affidavits in opposition to respondent's motion for judgment and "strove mightily to win outright on a general defense."

In *Greenwood v. Schnake,* 396 S.W.2d 723 (Mo.1965), the issue of jurisdiction arose on the defendant Schnake's motion that joinder of a co-defendant was pretentious only for the purpose of establishing venue in a county other than that of Schnake's residence. The plaintiff argued that the question of jurisdiction was later waived when Schnake took depositions, filed interrogatories and filed motions in preparation of his defense. The court held that a defendant may probe into the merits of the case and not thereby waive a jurisdictional point earlier asserted. So, too, in *Jones v. Buckley,* 425 S.W.2d 204, 207 (Mo. 1968), it was said that a litigant may question the jurisdiction of the court and then answer and try the case without waiving the question of jurisdiction. See also *State ex rel. Dennis v. Snodgrass,* 501 S.W.2d 553 (Mo.App.1973).

More recently, in *State ex rel. White v. Marsh,* 646 S.W.2d 357 (Mo. banc 1983), the court cited the *Greenwood* case with approval, noted that special appearance is no longer of any useful purpose and held that a defendant may join other motions with a motion challenging jurisdiction and defend the case on the merits without waiving the right to pursue the issue of personal jurisdiction on appeal. A distinguishing feature of *State ex rel. White v. Marsh, supra,* is the fact that the defendant first procured an extension of time to plead before filing the motion challenging personal jurisdiction of the court under the "long arm" statute. Thus, as the case rules, a defendant does not necessarily waive the issue of jurisdiction by preliminarily acknowledging the authority of the court in procedural matters.

In the present case, the only action taken by appellants after their challenge to the court's jurisdiction under the defective summons was overruled was to defend themselves against respondent's suit for unlawful detainer. Appellants continued to protest the court's jurisdiction over them and fully preserved the point.

By reason of the defect in the summons, which rendered the process equivalent to no process at all, the court acquired no jurisdiction over the persons of appellants and the judgment entered against them is void. This disposition renders consideration of other points raised by appellants unnecessary.

The judgment is reversed.

All concur.