### NATIONWIDE ENGINEERING & CONTROL SYSTEMS, INC., Appellant,

v.

### Frank A. THOMAS, Randy Thomas, and Thomas Technical Services, Inc., Appellees.

No. 87–1478.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1987.

Decided Jan. 27, 1988.

James D. Bruhn, Clinton, Iowa, for appellant.

Michael D. Flanagan, Milwaukee, Wis., for appellees.

Before LAY, Chief Judge, HEANEY and MAGILL, Circuit Judges.

LAY, Chief Judge.

Nationwide Engineering and Control Systems, Inc., (Nationwide), an Iowa corporation, appeals the dismissal of its action by the district court[1] for lack of personal jurisdiction.

For reversal, Nationwide argues that the district court erred in holding that (1) the defendants Frank and Randy Thomas, and Thomas Technical Services, Inc. (TTS), did not waive their defense of lack of personal jurisdiction, (2) the individual defendants did not come within the scope of the Iowa long-arm statute, and (3) TTS did not have sufficient minimum contacts with Iowa to satisfy due process. We reverse.

Nationwide is an Iowa corporation with its principal place of business in Clinton, Iowa. Frank Thomas and Randy Thomas are residents of Wisconsin, and the president and vice-president, respectively, of TTS, a Wisconsin corporation with its principal place of business in Wisconsin.

In June 1985 Frank Thomas telephoned Nationwide from Wisconsin and asked Nationwide to construct an instrument panel and to recondition certain equipment. The parties agree that an oral contract was entered into between Nationwide and TTS, but dispute whether a contract was also entered into between Nationwide and Frank and Randy Thomas individually. Nationwide, at Frank Thomas's request, brought the equipment to be reconditioned from Missouri to Nationwide's plant in Clinton, Iowa, and performed all of the contract work there. During the time that the equipment was in Clinton, employees of Nationwide consulted with Frank Thomas several times via telephone. When Nationwide completed the work, it shipped the equipment to Idaho at the request of Frank Thomas. Randy Thomas subsequently advised Nationwide that the work was satisfactory. Nationwide mailed several invoices, addressed to TTS, listing the work to be performed and the amount due. TTS paid Nationwide less than half the amount Nationwide claims that it is owed for its work.

On January 3, 1986, Nationwide filed a breach of contract suit against TTS and Frank and Randy Thomas in district court in Clinton County, Iowa. The defendants filed their answer on January 30, 1986, asserting the affirmative defenses of failure to state a claim, lack of personal jurisdiction, failure to mitigate damages, and statute of frauds; the defendants requested that the action be dismissed on its merits, with costs and attorney's fees. On February 4, 1986, the defendants removed the action to federal district court, alleging

---

1. The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa.

jurisdiction under 28 U.S.C. §§ 1332 and 1441.

On June 16, 1986, the defendants filed a motion in the federal district court to dismiss the action for lack of personal jurisdiction. The district court denied the defendants' motion on October 3, 1986, on the ground that their answer and affirmative defenses filed in state court constituted a general appearance, and that under Iowa law, defendants had thereby waived any challenge to personal jurisdiction.

On October 31, 1986, the defendants filed a motion to reconsider the order denying dismissal for lack of personal jurisdiction. The district court vacated its October 3, 1986, order on March 27, 1987, and dismissed the complaint on the grounds that the Iowa long-arm statute, Iowa Code § 617.3, provided no basis for the exercise of personal jurisdiction over Frank or Randy Thomas, and that the exercise of personal jurisdiction over TTS would be contrary to due process. This timely appeal followed.

Nationwide contends that the defendants' filing of an answer and affirmative defenses in state court constituted a waiver of the personal jurisdiction defense under Iowa law, and that defendants are therefore barred from contesting personal jurisdiction in federal court. The defendants maintain that they have properly raised and preserved the jurisdictional defense, in accord with the Federal Rules of Civil Procedure.

Iowa law in effect at the time Nationwide's complaint was filed in state court required a party to raise the defense of lack of personal jurisdiction by special appearance, before any other appearance, motion or pleading was filed. Iowa R.Civ.P. 66, 104 (1986).[2]

■ It is undisputed that in state court, the defendants filed a document entitled "answer and affirmative defenses" in response to plaintiff's petition. The document included denials of Nationwide's allegations, a request that the case be dismissed on its merits, and various affirmative defenses besides personal jurisdiction.

It is well settled that the sole purpose of a special appearance proceeding is to challenge the court's jurisdiction. If the appearing party requests relief or discloses a purpose that goes beyond challenging the jurisdiction of the court over the subject matter or the parties, the appearance will be considered general, and all jurisdictional challenges will be deemed waived.

*In re Estate of Dull,* 303 N.W.2d 402, 407 (Iowa 1981) (citations omitted). Therefore, under Iowa law, defendants' appearance amounted to a general appearance and thereby constituted a waiver of defendants' right to challenge the court's exercise of personal jurisdiction. *See id.* (defendant's motion was in substance a motion for time to plead, and as such, constituted a general appearance and waiver of objection to defects in original notice); *Boye v. Mellerup,* 229 N.W.2d 719, 721 (Iowa 1975) (trial court erred in sustaining special appearance for lack of personal jurisdiction where defendant used appearance for purpose of contesting enforceability of foreign state judgment instead of challenging jurisdiction); *Raley v. Terrill,* 253 Iowa 761, 113 N.W.2d 734, 736 (1962) (where motion to dismiss raises issues not addressed solely to the jurisdiction of the court, it constitutes a general appearance); *cf. E & M Machine Tool Corp. v. Continental Machine Products, Inc.,* 316 N.W.2d 900, 904 (Iowa 1982) (defendant did not waive its special appearance by making motion to quash where motion in substance merely objected to plaintiff's discovery requests and did not manifest any purpose to invoke court's authority on any issue other than special appearance proceeding).

Defendants argue that under Fed.R.Civ. P. 12(b) and (h), they have properly preserved their personal jurisdiction defense. The nature of removal jurisdiction refutes their position.

■ Removal, in itself, does not constitute a waiver of any right to object to lack

**2.** In a rule change effective July 1, 1987, the special appearance was abolished in Iowa. The defense of lack of personal jurisdiction may now be asserted by pre-answer motion, in the answer, or in an amendment to the answer. Iowa R.Civ.P. 66 (1987).

of personal jurisdiction, 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1395 (1969), but after removal, the federal court takes up the case where the state court left off. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 436, 94 S.Ct. 1113, 1122, 39 L.Ed.2d 435 (1974) (citation omitted). Following removal, the action is governed by the Federal Rules of Civil Procedure. Fed.R.Civ.P. 81(c). Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed.R.Civ.P. 12(g) or 12(h). 5 C. Wright and A. Miller, *supra,* § 1395.

Defendants waived their right under Iowa law to contest personal jurisdiction by failing to make a special appearance for that purpose. Defendants are therefore barred from asserting the defense of personal jurisdiction in federal court.[3]

Accordingly, the district court is reversed.

---

**3.** Because we conclude that defendants waived their personal jurisdiction defense under Iowa law in effect at the time their answer and affirmative defenses were filed in state court, and that the waiver carried over to federal court proceedings, we need not consider whether TTS or Frank or Randy Thomas had sufficient minimum contacts with Iowa to satisfy due process.