Lacie Nikole McCLELLAND, by her Next Friend Dahna McCLELLAND, and Dahna McClelland, Individually, Petitioners–Respondents,

v.

Monty DOYLE, Respondent–Appellant.

No. 55297.

Missouri Court of Appeals, Eastern District, Northern Division.

June 13, 1989.

C. Christy Barton, Jefferson City, for respondent-appellant.

Dahna McClelland, Janet Schwartz, Palmyra, for petitioners-respondents.

PUDLOWSKI, Chief Judge.

Appellant, Monty Doyle, appeals from the circuit court's judgment declaring him the father of respondent, Lacie McClelland (Lacie) and awarding respondent, Dahna McClelland child support, birth expenses, and attorney's fees.

Appellant and respondent, Dahna McClelland lived together, without the benefit of marriage, in Quincy, Illinois from approximately December 1984 to September of 1985. During that time, on approximately February 1, 1985, respondent Lacie was conceived. The couple thereafter separated. Ms. McClelland went to reside with her mother in Palmyra, Missouri. After a short period, Dahna and her mother moved to Las Vegas, Nevada. On November 7, 1985, Lacie was born in Nevada.

On July 6, 1986, the respondents filed a two-count petition against appellant in the circuit court of Marion County, Missouri seeking a judicial declaration that appellant was the father of respondent Lacie Nikole McClelland, and a judgment for child support, birth expenses and prenatal care. Appellant was served in Adams County, Illinois by a deputy sheriff on July 23, 1986.

Appellant entered a limited appearance in the circuit court by separately moving to dismiss the respondents' petition and to quash the summons and service for lack of personal jurisdiction. The trial court overruled both motions. Appellant then answered and venue was changed to Monroe County, Missouri.

The cause was tried without jury on May 27, 1988. The court entered judgment against appellant finding him to be Lacie's father and awarding respondent, Dahna McClelland child support, birth expenses and attorney's fees. Appellant's subsequent motion for new trial was denied. This appeal ensued.

■ Appellant argues the trial court's judgment should be reversed for lack of personal jurisdiction.[1]

■ Appellant properly raised and preserved the question of personal jurisdiction. *Yankee v. Franke,* 665 S.W.2d 78 (Mo.App.

---

1. Because this action commenced prior to July 15, 1987, and the parties have not agreed to the contrary, the Uniform Parentage Act, §§ 210.-817 to 210.852 RSMo does not apply. § 210.852 RSMo (Supp.1988).

1984). Respondents' petition alleges appellant is a resident of the City of Quincy in Adams County, Illinois.

 In asserting jurisdiction over a nonresident, a plaintiff has the burden of showing both that the defendant has engaged in an act enumerated in the Missouri Long Arm Statute, § 506.500 RSMo (1986), and that an assertion of jurisdiction over the defendant will not offend the requirements of due process. *State ex rel Pain, Anesthesia and Critical Care Services, P.A. v. Ryan,* 728 S.W.2d 598 (Mo.App. 1987). The relevant sections of the Missouri Long Arm Statute provide:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

. . . . .

(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

. . . . .

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Section 506.500 RSMo (1986).

 The respondents have neither pled nor proved that appellant and respondent engaged in an act of sexual intercourse in Missouri. The evidence adduced at trial places the probable date of conception as on or near February 1, 1985. Respondent Dahna McClelland testified that the couple was cohabiting in Illinois at that time. Neither Ms. McClelland's testimony nor the record as a whole contains any mention of the couple having sexual intercourse in the State of Missouri on or near February 1, 1985. Respondents' petition contains no allegation of sexual intercourse occurring in Missouri.

Respondents have not carried their burden of showing that the appellant has engaged in an act enumerated in the Long Arm Statute. We need not consider the constraints of due process. The trial court lacked jurisdiction over appellant. The judgment is reversed.

CRANDALL and GRIMM, JJ., concur.