**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-31304**
**Summary Calendar**
_____

MARABETH N. THOMPSON and
HARRY W. THOMPSON,

**Plaintiffs-Appellants,**

**versus**

BLAINE E. CARTLIDGE; ET AL.,

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1710)
_____

September 3, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Marabeth N. Thompson and her husband brought a legal malpractice suit in Louisiana state court against Blaine E. Cartlidge, et al., asserting that his negligent representation in her personal injury case caused her claim to be prescribed under Texas' two year statute of limitations. Because all of the defendants reside in Nevada, they removed the case to federal court under diversity jurisdiction. The district court granted appellees' motion to dismiss pursuant to Fed. R. Civ. P. 12(b),

-----

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ruling that it did not have personal jurisdiction over the nonresident defendants. We now affirm.

Appellants initially argue that the district court erred in granting the appellees' motion to dismiss because they waived their jurisdictional defense by removing the case to federal court. Courts have consistently held, however, that, "[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction." Nationwide Engineering & Control Systems, Inc. v Thomas, 837 F.2d 345, 347-48 (8th Cir. 1988). Thus, the appellees retained their jurisdictional defense after they removed the case to federal court.

Appellants alternatively assert that the district court erred in ruling that it had no jurisdiction over the appellees. Personal jurisdiction over a nonresident defendant is proper when the state long-arm statute permits service of process and the exercise of jurisdiction satisfies the due process clause. Since Louisiana's long-arm statute allows for service of process as far as the Constitution permits, we need only address the due process issue. See Asarco, Inc. v. Glenara, Ltd, 912 F.2d 784, 786 (5th Cir. 1990). The due process clause limits a court's power to exercise personal jurisdiction over a nonresident defendant to instances where the defendant has "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). In a specific jurisdiction case such as this one,

a defendant satisfies the minimum contacts requirement when he purposefully directs activities to the forum state and the plaintiff's alleged injury arises out of the defendant's contacts. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183 (1985).

In support of their argument that Cartlidge made sufficient contacts with Louisiana justifying the exercise of jurisdiction over him, appellants note that Cartlidge sent appellants regular correspondence related to the appellants' pending lawsuit, including a retainer agreement which they signed in Louisiana. As the district court correctly held, however, these contacts were insufficient to maintain jurisdiction over Cartlidge. Receiving and signing the retainer agreement in Louisiana does not give Louisiana courts jurisdiction because, "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986), cert. denied, 481 U.S. 1015, 107 S. Ct. 1892 (1987). Additionally, even though appellants and Cartlidge enjoyed an attorney-client relationship, "the bare existence of an attorney-client relationship" without more, is insufficient to satisfy the minimum contacts requirements. Trinity Industries, Inc. v. Myers & Associates, 41 F.3d 229, 230 (5th Cir. 1995).[2]

---

[2]Appellants assert that the district court has jurisdiction over the appellees other than Cartlidge due to their association with Cartlidge. Because we hold that the district court has no jurisdiction over Cartlidge, it follows that it has no jurisdiction over the other appellees.

Finding no reversible error, the judgment of the district court is **AFFIRMED**.